IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATSY POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:18-cv-958-ECM |
| | ) | (WO) |
| HM TRUCKING, LLC, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Plaintiff's motion to substitute parties (doc. 33) filed on September 4, 2019. The Plaintiff, Patsy Powell ("Powell"), seeks to substitute the Estate of Telvin Ray Washington ("Washington') as a party in this action, and "requests that the Court appoint an administrator ad litem to serve as the administrator of Washington's estate for purposes of this lawsuit." (Doc. 33 at 2, para. 4). For the reasons that follow, the motion to substitute is due to be denied.

This case arises out of an automobile accident between Powell and Washington, who was driving a semi-tractor trailer truck as an employee of Defendant HM Trucking, LLC ("HM Trucking"). On July 29, 2019, HM Trucking filed a Suggestion of Death informing the Court and the Plaintiff of the June 25, 2019 death of Washington in Belzoni, Mississippi. (Doc. 29). Powell contends that because her claims against Washington survive his death, his estate should be substituted as the proper party pursuant to Fed.R.Civ.P. 25. HM Trucking does not dispute that Powell could move to substitute the

appropriate party, (doc. 37 at 4), but it contends that because there is no estate, Powell's motion to substitute is due to be denied. (*Id*. at 6).

When a party dies, Rule 25(a) permits the substitution of a proper party. The proper person to substitute is not the estate, as the estate is not a legal entity, but the personal representative of the estate. *Taul ex rel. United States v. Nagel Enterprises, Inc.*, 2019 WL 718714, *1 n.2 (N.D. Ala. 2019). It is undisputed that no estate has been opened for Washington, and no personal representative has been appointed to represent the estate. (Docs. 33, 35, & 37). In the absence of an estate, the Court finds it inappropriate to appoint an administrator for the purpose of substituting parties. *See Carruth v. Smyth*, 2018 WL 804272, *2 (N.D. Ala. 2018). Moreover, because no estate has been opened for the decedent, it was "incumbent on Plaintiff to open an estate, as [s]he was plainly aware that no other party had sought to do so, or had any reason to do so." *Id*. at *3. Her failure to act does not obligate the Court to do so.

In her motion, the Plaintiff seeks the appointment an administrator ad litem "to serve as the administrator of Washington's estate for the purposes of this lawsuit." (Doc. 33 at 2). Framing her request in this manner avails Powell nothing. Relying on ALA. CODE § 43-2-250 to support her position that this Court has the authority to appoint an administrator ad litem, Powell presents no legal authority that § 43-2-250 applies in this court under these circumstances, particularly in light of the fact that Washington resided and died in Mississippi. The Plaintiff's reliance on *Great American Ins. Co. v. American Owens, Inc.,* 425 F.Supp.2d 1278 (M.D. Ala. 2006) is misplaced. In that case, the parties

did not oppose the appointment of an administrator ad litem, and the Court recognized that Ala. Code § 43-2-250 was "incorrectly cited as authority for the Motion." *Id.*, at 1279.

Even if the Court was inclined to apply Alabama law, which is not at all clear is applicable, the Alabama Supreme Court has limited the application of § 43-2-250:[1]

> [T]he strict interpretation of § 43-2-250 admits of two, and only two, circumstances where it is appropriate for a court to appoint an administrator ad litem. The first is when the estate of a deceased person must be represented and there is no executor or administrator of such estate; the second is when the estate of a deceased person must be represented and the executor or administrator is interested adversely to the estate.

*Taul*, at *2 (quoting *Golden Gate Nat'l Senior Care, LLC v. Roser*, 94 So. 2d 365, 370 (Ala. 2012) (alternation in original)). Section 43-2-250 presupposes the existence of an estate, which we do not have here. If the Court were to appoint an administrator ad litem, it would be for the limited purpose of representing the estate. *See Taul*, at *16-17. *See also Great American Ins. Co., supra*. Because no estate exists for Washington, the Court declines to appoint an administrator ad litem to represent a non-existent estate.

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the Plaintiff's motion to substitute parties (doc. 33) is DENIED.

---

[1] Moreover, prior to appointing an administrator ad litem, § 43-2-250 requires facts necessary for an appointment "be made known to the court by affidavit by any person interested therein." ALA. CODE § 43-2-250. The Plaintiff has failed to file an affidavit in accordance with the statute which under Alabama law, which also precludes the Court from appointing an administrator. *See Smith v. Schneider Nat'l Carriers, Inc.*, 2009 WL 10703357, *2 (N.D. Ala. 2009) ("[A]ccording to the Alabama Supreme Court, a court may only appoint an administrator *ad litem* upon establishment of the need for such a person through the use of an affidavit.").

3

It is further

ORDERED that on or before **February 26, 2020**, the Plaintiff shall show cause why Defendant Telvin Ray Washington should not be dismissed as a defendant in this action.

DONE this 12th day of February, 2020.

        /s/ Emily C. Marks
       EMILY C. MARKS
       CHIEF UNITED STATES DISTRICT JUDGE