IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATSY POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:18-cv-958-ECM |
| | ) | (WO) |
| HM TRUCKING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Plaintiff's motion to reconsider and motion for sanctions (doc. 38) in which she seeks reconsideration of the order denying her motion to amend the complaint, and she seeks to have sanctions against the Defendant "for discovery abuses." (*Id.* at 1). The Defendants oppose the motions. (Doc. 42). For the reasons that follow, the motions will be denied.

A brief procedural history is necessary to resolve the Plaintiff's pending motion to reconsider. This case was filed in the Circuit Court of Houston County, Alabama on October 16, 2018. (Doc. 1-1). At the time the case was filed in state court, the Plaintiff also filed Requests for Admissions and Interrogatories along with the Complaint. (*Id.*). The Defendants removed the case to this Court on November 13, 2018. (Doc. 1). The parties' Report of Rule 26(f) Planning Meeting was filed on December 12, 2018.[1] (Doc. 7). Thereafter, discovery commenced.

---

[1] The Court subsequently required the parties to file an amended Report of Parties' Rule 26(f) Planning Meeting because the December report did not provide sufficient information for the Court to enter a Rule 16 Scheduling Order. *See* Doc. 15. The parties complied on February 6, 2019.

1

On February 13, 2019, the Court entered the Uniform Scheduling Order which set a deadline of April 5 2019, for the Plaintiff to file any motions to amend the pleadings. (Doc. 17).  On April 26, 2019, the Plaintiff filed a motion to amend the complaint incorrectly asserting that she was "allowed until April 17, 2019 to join additional parties and amend the pleadings." (Doc. 21 at 2, para. 5) (citing to the Report of Parties' Planning Meeting instead of the Court's Uniform Scheduling Order).  In her motion, the Plaintiff asserted that "[o]n April 18, 2019, counsel for Plaintiff had a telephone conference with counsel for Defendant to discuss several outstanding discovery issues related to Plaintiff's Request for Production of Documents." (*Id*. at para. 6).  It was during that telephone conference that the Plaintiff "learned that Defendant HM Trucking, LLC is unable to produce several requested documents." (*Id.* at para. 7).  In her motion to amend, the Plaintiff sought to bring a direct claim against Defendant HM Trucking for negligent hiring, training and supervision and asserted that the Defendant's inability to produce responsive documents supported her new claim.

In response to the Plaintiff's motion to amend, the Defendant asserted that it had responded to the Plaintiff's discovery requests on January 11, 2019.  The Defendant's responses to the Plaintiff's requests for production specifically stated that "[n]o responsive materials are being withheld on the basis of these objections.  Subject to and without waiving the foregoing objections, Defendant will produce all unprivileged, responsive material, **to the extent such material exists**, at a mutually convenient time and place." (Doc. 42-3) (emphasis added).

The Court denied the Plaintiff's motion to amend as untimely under the Uniform Scheduling Order. In addition, the Court concluded that the Plaintiff had offered "no cogent reason for the delay." (Doc. 32 at 1). In her motion to reconsider, the Plaintiff asserts that the Defendant actively concealed that no documents existed. (Doc. 38). According to the Plaintiff, "[t]he Defendant purposefully waited until after the deadline for amendments to the pleadings had passed before disclosing . . . that the Defendant was unable to produce a single document in response to the Plaintiff's numerous requests." (Doc. 38).

While the Plaintiff asserts that she only learned during the April 18, 2019 telephone conference that certain documents could not be produced, she offers no explanation as to why she did not diligently pursue her requests for discovery after receipt of Defendant's discovery responses, four months earlier.

> A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate "good cause" under Fed.R.Civ.P. 16(b). *See Sosa v. Airprint Sys.,* 133 F.3d 1417, 1418 n. 2 (11th Cir.1998) ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."); Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In *Sosa,* we upheld the district court's denial of the plaintiff's motion to amend her complaint because the plaintiff's failure to comply with the court's scheduling order resulted from a "lack of diligence in pursuing her claim." 133 F.3d at 1419.

*Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009).

It is undisputed that the Plaintiff's motion for leave to amend the complaint came after the deadline established by the Court in its Rule 16 scheduling order. The Court finds that the Plaintiff failed to exercise due diligence to secure the discovery she sought. There

3

is no indication that the Plaintiff attempted to arrange production of the documents "at a mutually convenient time and place." But more importantly, the Defendant specifically informed the Plaintiff that "[n]o responsive materials are being withheld on the basis of these objections." (Doc. 42-3). That response was sufficient to place the Plaintiff on notice that the Defendant did not have documents responsive to her request. The Plaintiff points to nothing in the record to demonstrate that she took action to compel the Defendant to produce documents, or otherwise expeditiously acted to determine whether documents existed. The burden is on the Paintiff to establish the requisite good cause. *See Southern Grouts & Mortors, Inc.*, 575 F.3d at 1241. The Court concludes that the Plaintiff has failed to demonstrate either good cause or diligence for her failure to abide by the Court's deadline to file amended pleadings, and thus, her motion to reconsider is due to be denied. In light of the Court's ruling on the motion to reconsider, the Plaintiff's motion for sanctions is also due to be denied.

Accordingly, it is

ORDERED that the Plaintiff's motion for reconsideration and motion for sanctions (doc. 38) are DENIED.

DONE this 12th day of February, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE